The opinion of the court was delivered by
McEnbry, J.
The facts in this case are fully stated in the case of Levy vs. Ford, 41 An. 873.
*966 On November 4, 1889, Oahn, the plaintiff, instituted this suit against S. N. Ford, the maker of the $7000 note which figures in the suit referred to, and against fm. Winter, the pledgee and holder of the same, for the purpose of obtaining judgment for the sum of $3610.40, with 8 per cent, interest from March 1, 1888, and attorney fees.
This amount is the sum due Oahn by S. M. Ford, for which he held his note, and to secure which the $7000 note had been pledged to him. He asks for the forecloseure of the mortgage, securing this pledged note, and the sale of the property mortgaged to satisfy the same.
The defendants made no opposition to this suit. In fact they encouraged it, and the proceedings appear to be by consent.
Simon Levy, Jr., who held a special mortgage, subordinate in aank to the mortgage securing the $7000 note pledged to Oahn on the mortgaged property, obtained judgment against S. N. Ford, and the mortgaged property was advertised to be sold. Levy intervened in the present suit, alleging the above facts, and averred that the plaintiff was not the owner and holder of said note for $7000, and had no mortgage on said property, and could not institute said suit, and that, if he had any rights, he could not exercise them until the maturity of the notes held by Winter, said notes being described in suit of S. Levy, Jr., vs. Ford, No. 2962, on the docket of the District Court (41 An. 873).
He further shows that the mortgaged property is insufficient to pay his mortgaged debt and the prior $7000 mortgage held by Winter as collateral security, and that his interest is that Winter should have a preference in said $7000 mortgage note over any mortgage claim ■of plaintiff. He alleges the prematurity of the suit, and that the pledge in favor of plaintiff of said note has been lost by its surrender to Ford, who pledged it to Winter.
" During the pendency of this suit, the mortgaged property was sold under the suit of S. Levy vs Ford, and purchased by Levy.
There was- judgment in favor of the plaintiff, decreeing that he be entitled to priority over Winter out of the proceeds of the sale of the mortgaged property and rejecting the demand of the intervenor.
The intervenor only has appealed. We are, therefore, only concerned with the judgment so far as it affects him.
*967 The intervenor as the junior mortgage creditor has an interest in attacking the prior mortgage, either to destroy it or to reduce its amount.
There is no evidence in the record to show that the amount claimed by Oahn as due to him by Ford, for which the $7000 note was given him as collateral, is not a just debt. It is unaffected by the pleadings or the evidence. The $7000 collateral note has had its status determined by this court in the suit of Levy vs. Ford, 41 An. 873.
In that suit it was decided that it was a legal and valid note, and that Ford had a right to pledge it, as it had not been extinguished when it was returned to him by the parties to whom he had previously pledged it as collateral security. The ruling in that case will apply to this, as the evidence shows that the note was not surrendered by Oahn to Ford as an extinguished obligation, or with the intention of extinguishing it. It was given to Ford for a designated purpose, which, when accomplished, should be returned to Oahn, to protect Ford’s indebtedness to him. Oahn, therefore, never parted with his interest in the collateral, to the extent of protecting Ford’s note of $3610.40 in his favor.
It would inure to the benefit and interest of the intervenor if he could enforce the contract between Oahn and Winter in relation to the pledged note, thus forcing Winter to return the'notes of Malin and Bows and Ford until they, should be paid, and restricting the functions of the collateral to protecting Oahn’s debt due by Ford, to to the amount of $3610.40. But these matters are personal to Oahn and Winter. Winter at any time has a perfect right to surrender the collateral note to Oahn, or to waive his preference and concede it to Oahn. They can cancel their obligation to each other whenever they see proper to do so.
That, by so doing, Winter endangers his own claim due him by Ford, can in no way affect the intervenor, as he was not a party to the contract of pledge and had no interest in it.
The intervenor is not a creditor seeking to attack the renunciation or abandonment of a claim by his debtor, which is intended to defraud or injure him. But he is a debtor holding a fund to pay over to creditors, whose precedence can in no way affect him.
There are legal propositions submitted by the intervenor which if urged by the defendants might prevail. The defences which have not already been determined in the suit of Levy vs. Ford, 41 An. *968 873, are of such a character as only the defendants can urge. The intervenor must take the suit as he finds it. He can not urge matters that would go to the dismissal of the suit, nor can he complain of the mode of procedure. He can not substitute himself for the defendant and make defences, without his consent, which are personal to himself. Clapp & Co. vs. Phelps, 14 An. 427; Harper vs. Commercial and R. R. Bank of Vicksburg, 15 An. 136; 19 An. 462; Mayer vs. Staler, 35 An. 57.
Neither of the defendants has appealed, and we therefore can not disturb the judgment. There is no alternative except to affirm the judgment appealed from.
Judgment affirmed.